FREDERICK LUDWIG and Another, as Executors, Etc., of GEORGE MOUTER, Deceased, Appellants, *v.* LEON GOLDEN-BERG and Another, Composing the Firm of GOLDENBERG & COHEN, Respondents.

(Supreme Court, Appellate Term, March, 1911.)

Saving. questions for review — Objections and exceptions in general —
　· How taken — Evidence — Time of making objection to evidence.
Witnesses — Disqualification on death or incompetency of party to communication or transaction — Transactions and communications within Code provisions — Transactions with deceased in presence of witnesses.

An objection to testimony should be made when a question is asked and before it is answered, and, by waiting until subsequent questions are asked before interposing an objection, it may be too late to save the question.

The inhibition of section 829 of the Code of Civil Procedure is not confined to communications with the deceased person where no other persons were present, but applies equally to such communications in the presence of others.

APPEAL by plaintiffs from a judgment in favor of the defendants, rendered in the Municipal Court of the city of New York, borough of Manhattan, fifth district, after trial by the court without a jury.

Einstein, Townsend & Guiterman, for appellants.

Oscar Englander (Louis Kunen, of counsel), for respondents.

BIJUR, J. Plaintiffs, executors of one Mouter, deceased, sued defendants for $300, being the balance of contract price for setting stones in a doorway. The defense was, in substance, that the stones were cracked, and that, therefore, the contract had not been performed.

One of the plaintiffs testified that he had had a conversation with one of the defendants, at which plaintiff asked for the payment of the $300; that said defendant thereupon promised to pay $150 immediately and the remaining $150 as soon as the cracks in the stones were repaired. This conversation was not denied. Plaintiff claims that it amounts to an account stated.

Defendant's testimony on this point was as to two conversations with the deceased in which the deceased is alleged to have said that he would *replace* the broken stones.

Defendant's first testimony as to the first conversation with the deceased was given in reply to the question, "What did you do with reference to their (the stones) condition?" The answer above related was, of course, not responsive. Plaintiffs' counsel, however, made no objection to the incompetency of the testimony until eight or ten questions further along, when defendant was asked whether he had had another conversation with Mouter. After that question was answered, plaintiffs' counsel moved "to strike out the conversations with Mr. Mouter, who is dead." I think the objection sufficiently pointed out the intention to raise the incompetency of the testimony under section 829; but I am seriously in doubt whether plaintiff did not waive the objection by not making it when the last question was asked

and before it was answered, and by waiting too long after the first question had been answered. A little further on, however, the witness was asked whether he had a conversation with Mouter when the latter's wife and daughter were present. Immediate objection to this was taken, but the court said: "I will allow the witness to testify to any conversation had in the presence of his wife and daughter." This was error, and was duly excepted to. There is no qualification of the inhibition of section 829, which renders testimony of a conversation with a deceased person competent, because merely of the presence of third persons. That rule has application only to confidential communications as between attorney and client, and then only because the presence of third parties is proof that the conversations were not confidential.

It is true that plaintiff cannot be said to have proved performance of his contract, since he admitted that the stones were broken almost immediately after they had been set; but his uncontradicted testimony as to the conversation with the defendant probably proved at least an acceptance.

The judgment in favor of the defendants would scarcely seem to be warranted, except upon consideration of the incompetent testimony above referred to; and at least a substantial part of it was duly objected to in time.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

SEABURY and PAGE, JJ., concur in the result.

Judgment reversed.