Joseph A. Cox, S.
The answer of the respondent Hansen admits possession of seven pieces of jewelry and claims title to this jewelry, as well as other jewelry, by gift from the testatrix. The proof wholly failed to establish a gift. All the articles of jewelry are found to be assets of the estate and turn over of the jewelry in the possession of the respondent will be directed.
The testimony of the respondent was that the testatrix on December 23, 1957, while a patient in a hospital, said to the respondent “ Ton take my jewelry off and take it, you know what to do with it ”. These words cannot be construed as expressive of a donative intent and, under the circumstances of purported delivery, the words of the testatrix signify nothing more than a placement of the jewelry in the hands of the respondent for safekeeping. A nurse testified, as a disinterested witness, that three days subsequent to the purported delivery as pictured by the respondent, jewelry of the testatrix was in the hospital room and that the respondent then took possession of it without the knowledge of the testatrix.
Other witnesses produced by the respondent related that in the years preceding the hospitalization of the testatrix they had queried her about her will and regarding her jewelry and she had stated that the jewelry had been “ taken care of ” and that she had given it to her niece, the respondent. Such statements can be interpreted either as expressions of a testamentary intention never fulfilled or as a convenient method of discouraging further inquiries which the testatrix well may have regarded *490 as impertinent. In either event, these statements, made at a time when the testatrix still retained the jewelry, do not establish a consummated gift.
The conclusion that a gift was not effected, either long before the testatrix’ death or immediately prior to her death in the hospital, has been reached after full consideration of the testimony of the respondent on her own behalf. The respondent was permitted to testify, without objection to her competency, as to certain transactions with the deceased and such testimony is a part of the record, although the interest of the witness is to be considered in determining the weight to be given that testimony. Further testimony was received over the objection of petitioner’s attorney and this testimony is now stricken because of the incompetence of the witness under section 347 of the Civil Practice Act. The fact that objection had not been made earlier in the testimony and the consequent waiver of the incompetency of the witness at that time did not extend to later testimony and did not preclude objection to further transactions (McMurray v. Ennis, 14 N. Y. S. 635; Matter of Maijgren, 193 Misc. 814, 816, 817; Ludwig v. Goldenberg, 71 Misc. 119, 121).
The motion to consolidate the discovery proceeding instituted against Lucille Hines with the instant proceeding was opposed by her counsel at the hearing and in his brief. Decision on such motion was reserved at the hearing and now is denied.
Submit decree on notice.